# THE LOUISVILLE & ST. LOUIS RAILWAY COMPANY
## v.
## ELIZUR SOUTHWORTH.

*Fraudulent Conveyances—Judgment Debtors—Appointment of Receiver —Writ of Error.—Supersedeas—Bond—Costs—Railroads.*

Upon a bill filed by a judgment creditor, alleging the fraudulent transfer of its property by a judgment debtor, to defendant (vendor and vendee being Illinois corporations), and praying for a receiver, it is *held:* That upon the case presented, a receiver was properly appointed and was entitled to costs for attendance in court; that a writ of error having been sued out to complainant's judgment, and a *supersedeas* bond filed securing him, a motion to vacate the order [appointing the receiver, should have been granted.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellant.

Messrs. BROWN, WHEELER & BROWN, for appellee.

CONGER, P. J. Appellee, Southworth, filed his bill in chan-

cery against the Jacksonville Southeastern Railway Company and the appellant company, alleging that he had recovered a judgment against the first named company; that execution had been issued and returned *nulla bona;* that after the liability to appellee had accrued, and prior to the judgment, the Jacksonville Southeastern Railway Company conveyed its entire railroad line, with its rolling stock and franchises, to the appellant company, which owned a line from Centralia to Drivers, which line up to the time of the sale had been operated by the Jacksonville Southeastern; that the appellant company had never operated the line purchased, under any lease, or in any manner whatever, and that the Jacksonville Southeastern Company had no power to sell, and the appellant company had no power to purchase, both being Illinois corporations; that for these reasons the bill charged the sale was fraudulent, and prayed for the appointment of a receiver, etc.

Various proceedings were had and orders made, which it is not necessary to notice, but upon the 20th of June, 1889, the court, upon motion of appellee, appointed R. D. Lawrence receiver of the Jacksonville Southeastern line of railway, and he was ordered to take possession of, and operate the same, upon his entering into bond in a given sum with certain sureties named in the order. At the end of this order of June 20th appears the following order: "It appearing to the court, by way of suggestion on the part of the solicitor of the Jacksonville Southeastern Railway Company, that application for a *supersedeas* in the case at law of Elizur Southworth v. The Jacksonville Southeastern Railway Company, in which the judgment set out in complainant's bill was rendered, is pending before the Appellate Court for the Third District of Illinois, to enable the said railway company to have said application heard and determined, it is ordered and decreed by the court that the said receiver do not take possession of the property described in complainant's bill, until the further order of this court, and this cause is set-for further hearing in this regard on the 26th inst."

On June 26th leave was given to amend the bill, and the

further hearing of the matter suspending the operation of the order appointing the receiver was set for the 29th of June. On June 29th the order of court recites that Lawrence filed his bond, which was approved by the court and ordered to be filed as of the 26th of June, and then proceeds to recite that it appearing to the court that a writ of error had been issued from the Appellate Court of the Third District in the suit of appellee against the Jacksonville Southeastern Railway Company, which was the suit upon which appellee's bill for relief was founded, that the same had been made a *supersedeas*, and that a *supersedeas* bond in the sum of $10,000 had been filed, it was ordered that the receiver do not take possession until the further order of the court.

On the 15th of July, 1889, the appellant company moved the court to set aside the order appointing a receiver herein entered at a former day, which motion was by the court over-ruled, to which appellant excepted; upon the same day the court ordered that the costs of all orders of the court, made since the order appointing the receiver, be taxed to the appellant company, and that inasmuch as the receiver had filed his bond and had attended court two days, the appellant company was ordered to pay as costs the sum of $40 for the salary of said receiver, to all which appellant excepted.

We hold that the order appointing the receiver was authorized, and hence there was no error in the final order in reference to costs, or allowing the receiver $40 for the two days he attended as such upon the court.

But we are inclined to think the court erred in not allowing the motion made upon the 15th of July, to set aside and vacate the order previously made appointing a receiver, it having been shown to the court on the 20th of June, that an application had been made to the Appellate Court for a *supersedeas*, and on the 29th of June it having been shown that such *supersedeas* had been allowed, and a bond in the sum of $10,000 had been filed in the Appellate Court, which would amply protect appellee in his judgment. At that time the whole matter was *in fieri;* the receiver had never taken possession of the property, and there would seem to have been no necessity for the continuance of the receivership.

The decree of the Circuit Court will be affirmed in reference to the allowance of receiver's salary and costs, and will be reversed so far as the court overruled the motion of appellant to set aside and vacate the order appointing the receiver.

The costs in this court will be equally divided.

*Affirmed in part and reversed in part.*